Charles Lee #904078
Alfred Hughes Unit
RT.2 Box 4400
Gatesville, Texas 76597
Style: Inre Charles Lee
Cause No. Unknown ?
Trial No. 03-798-K277
Court 277th
RE: MANDAMUS.
Date January, 7 day 20 15.

20,944-08
RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 09 2015
Abel Acosta, Clerk

" Cover Letter "

Dear Clerk
Enclosed please find Relator's Brief & Exhibits, please date &
file and bring to the court's attention for process and rulings.

1) Relator would like to point out, and request the court to use
Texas Rules of Appellate procedure local rule TRAP2, suspension
of rules, the court on its own initiative an Appellate court may-
to expedite a decision or for other good cause - suspend a rule
operation in a particular case and order a different procedure;
I.

in Rule 9.3(A) a partic must file the original and 3 copies of all
documents in an original proceeding;
II.

Relator request for the court to suspend rule, and let
Relator send only the original, using TRAP2. For the following
Reasons,
1) Relator is pro se; has no copyies,
2) Relator is only limited to so much paper a week, and some time
dont get his supply,
3) Relator is depending on legal assistance,.

pro se

Respectfully submitted
Charles Lee #904078
Charles Lee

CAUSE NO _____

IN THE

COURT OF CRIMINAL APPEALS
OF TEAS AT AUSTIN, TEXAS

IN RE: CHARLES RAYMOND LEE

V.                    RELATOR .

STACEY MATHEWS
                         RESPONDENT

MANDAMUS        ACTION IN
CAUSE NO. 03-798-K277
IN THE 277th DISTRICT COURT OF WILLIAMSON, COUNTY TEXAS

ORIGINAL PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:

COMES NOW, Charles Raymond Lee and files his original writ of mandamus. The above cause came before this court from the 277th District court of Williamson County, Texas. Honorable STACEY MATHEWS, JUDGE presiding.

i

Where the appellant entered a plea of not guilty to the offense of **Aggravated Sexual Assault**, the 277th District Judge will be referred to as the Respondent and Charles Raymond Lee will be labeled as the relator.

## NAMES OF ALL PARTIES FOR RECUSAL

RELATOR

Charles Raymond Lee #904078
RT.2. BOX 4400
Gatesville, TEXAS 76597

Respondent

THE HONORABLE
STACEY MATHEWS
277th DISTRICT JUDGE,
405 South Martin Luther King Box 6
Georgetown, TEXAS 78626-0405

ATTORNEY FOR Respondent

JOHN Bradley
405 South Martin Luther King Box 1
Georgetown, TEXAS 78626

ii

# TABLE OF CONTENTS

NAMES OF All parties For RECUSAl . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . III

index of authorities . . . . . . . . . . . . . . IV

STATEMENT OF THE CASE . . . . . . . . . . . . 1

ISSUE presented . . . . . . . . . . . . . . . 3

Relator's Argument . . . . . . . . . . . . . 4-7

certificate of service . . . . . . . . . . . . 8

Exhibit's A-E . . . . . . . . . . . . . —

## TEXAS CASES

KOZACKI V. KNIZE, 883 S.W.2d 760 (Tex. Crim. App. Waco 1994 orig. proceeding) . . . . . . . . . . . . . . . . . . . . . 3-5-7

NEVEU V. STATE, 105 S.W.3d 641 (Tex. Crim. App. 2003 . . . . . . . . . 5

RODRIGUEZ V. STATE, 77 S.W.3d AT 461 (Tex. Crim. App.) . . . . 5

STATE ex rel. Holmes V. third COURT OF APPEALS, 885 S.W.2d 389, 392 n.6. (Tex. Crim. App. 1994) . . . . . . . . . . . . . . . 7

STATE ex rel. Rosenthal V. POE, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . 5

WINTERS V. STATE, 118 S.W.3d 773 (Tex. Crim. App. 2003 . . . . . 5


## TEXAS STATUTES

TEXAS CODE Crim. Proc. Ann. Art 64.01 (C) Vernon Supp. 2008 . . 3-5-6

TEXAS CODE Crim. Proc. Ann. Art 64.01 (B) (1) (B) Vernon Supp. 2008 . . 7

TEXAS CODE Crim. Proc. Ann. Art 64.03 (A) (1) (B) Vernon Supp. 2008 . . 7

TEXAS CODE Crim. Proc. Ann. Art 64.03 (A) (2) (A) Vernon Supp. 2008 . . 3

TEXAS CODE Crim. Proc. Ann. Art 64.01 (C) Vernon Supp. . . 2003 6

POE, 98 S.W.3d AT 198 . . . . . . . . . . . . . . . . . . . . . . . 1-3

Timothy Cole Bill 122 . . . . . . . . . . . .

IV.

## STATEMENT OF THE CASE

The relator was indicted in cause No. 03-798-K277. For the Felony offense of ASS SEXUAL ASSAUlt, alleged to have occurred in Austin, Texas Travis & Williamson County, Texas on or about August, 11th 1998, Relator entered a plea of not guilty on April 4th 2005, and was found guilty of 2 counts of Assevvated sexual Assault, and sentenced to 2 life sentences: on 8th day of April 2005, relator appealed his conviction. in cause No 03-05-00211 CR. and this court affirmed the conviction on 22nd day of May 2006. relator filed A motion for A motion for DNA and request for appointment of counsel pursuant to Article 64, Code of criminal procedur on october 9th 2014. see Exhibit A. there was no response. relator wrote A 2nd letter to the presiding JUDGE of 277th & DISTRICT Clerk. & DISTRICT ATTorney's OFFICE; requesting A STATUS UPDATE on this NEW motion. All parties; still wouldn't Answer. relator Filed A 3rd letter, please see Exhibit B & C & E. by the court & All parties not answering or ruling on the application is denying me my right to prove my innocence in this cause,

1) the presiding JUDGE in 2005 in 277th court Ken Anderson was convicted of hiding exculpatory evidence, which is A criminal contempt, which all parties deliberately and knowingly engage in misconduct, which I have stated happen in my case; with my lawyer Russel Hunt Jr, & Ken Anderson. So I refiled my application chapter 64, under NEW technique which would provide A more accurate and probative than the previous test results. Also evidence that was never tested.

2) Also No one Never Tested the swabs taken from the victim for Saliva. According to the Timothy Cole Bill 122, the Bill

1.

would require POST-CONVICTION DNA TESTING IF THE biological evidence was NOT previously tested or if The biological evidence was previously tested but CAN subjected to newer testing techniques that provide A reasonable likelihood that the results will be more accurate and probative than the previous test results. The relator has a right to prove his innocent; and have all evidence tested or retested being the JUDGE KEN anderson & russel HUNT committed criminal contempt which all deliberately and knowingly engage in mis conduct, therefore the respondent will NOT respond to the APPLICATION chapter 64 or relator's letter's. See Exhibits. As of this date 2015 relator is now filing an application For mandamus before this court.

## ISSUES — PRESENTED

1) There are no provisions for appealing indigence or appointment of counsel under criminal procedure rule governing motions for DNA testing; Relator seeking appointment of attorney to represent him in his motion/ application for testing, relator had no adequate remedy at law to address trial courts failure to address or respond to the issue, therefore a mandamus is required and a judgement should be granted in Relator's favor.

2) The court failure to appoint counsel for DNA testing & failure to address the motion issues; which left Relator with no adequate remedy at law, therefore a mandamus is required and a judgement should be granted in Relator favor. and this court should appoint counsel to assist Relator on DNA testing of the state evidence under the Timothy Cole Bill 122. A offender has a right to have ANY evidence tested to prove his innocence, pursuant to tex. code, crim.proc. ann art 14.01 (c) supp. 2003), appointment of counsel was mandatory if convicted person did 2 things (1) proved he was indigent; and (2) informed the court that he wishes to file a motion under tex. code crim.proc. ch 64; this appellate court should conditionally grant relator's petition of writ of mandamus; and direct the trial judge to appoint counsel to represent relator in his chapter 64. See. NEVEU V. CULER, 105 S.W. 3d 641, 2003.

## Relator's Argument

The relator is the defendant is cause no. 03-798-K277. The indictment charged the relator with 2 counts of Aggravated Sexual Assault, which relator plead not guilty. And filed a motion for post-conviction DNA testing, to prove his innocence. Which defendant is entitle to. According to the "Timothy cole bill", A defendant has the right to test or have evidence that wasn't tested, tested to prove his innocence, or to have newer testing done on any evidence. (2) and to have a counsel appointed to assist defendant. On Oct 9th 2014, defendant file its application chapter 64, please see Exhibit A. After 2 too 3½ weeks passed, the defendant contacted all parties, no one would respond. Defendant filed Exhibit B. Still no answer. Defendant file Exhibit C. The district clerk sent defendant a copy of the cover sheet of a State 11.07 Habeas corpus, dated back in 2012, see Exhibit DD. Exhibit D is a letter wrote to all parties, stating a status on the application DNA motion under chapter 64, & that the cover of the State 11.07 Habeas corpus & a white card dated 2012, denied with out a written order, which has "nothing to do with what defendant filed October 9th 2014." Defendant filed the proper documents to prove he was indigent, and that he request appointment of counsel. The Honorable Judge of 277th & District lerk & District Attorney of Williamson County refuse to spond. Which is denying me my right to prove my innocence.

A STATUTORY mandate does not preclude counsel to be appointed. see (118 S.W. 3d 775) STATUTORY right to counsel. Article 64.01(C) of the Texas code of Criminal procedure states that "[A] convicted person is entitled to counsel during a proceeding under this chapter. if a convicted person informs the trial court that the person wishes to submit a motion under this chapter and if the court determines that the person is indigent, the court shall appoint counsel for the person." TEX. CRIM. PRO CODE ANN. ART. 64.01 (C) VERNON SUPP. 2003).

See WINTER V. STATE, 118 S.W.3d 773. 2003. TEX. CRIM. APP LEXIS 2003, and when a court failure to address a motion or issue like in relator's case at hand, see NEVEU V. STATE 105 S.W. 3d 641 (TEX. CRIM. APP. 2003), mandamus appear to be the proper vehicle for the relator to obtain relief in his case, mandamus relief may be granted if the relator shows the following: 1) that the act sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law. See NEVEU, 105 S.W.3d at 642 (citing STATE ex rel. ROSENTHAL V. POE, 98 S.W.3d 194, 198 (TEX. CRIM. APP. 2003).). Additionally the relator must have a "clear right to the relief. sought" meaning that the merits of the relief sought are "beyond dispute." in re Rodriguez 77 S.W.3d at 461. The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion. Id. as previously discussed, the court's duty to appoint counsel is a ministerial act if the requirements under 64.01 (C) are met.

- 5 -

The case at hand relator requested counsel and proved his indigence, see EXHIBIT A. As required by Article 64.01 (c), which means the first requirement for mandamus relief is fulfilled. Chapter 64 does not provide for an appeal regarding indigence or the appointment of counsel under Article 64.01 (c). Id. at 643, the inability to appeal leaves relator with no adequate remedy at law, in both issues 1&2 Id. at 642-431 (citing Doe, 98 S.W.3d at 198), Relator has therefore met the second requirement for mandamus relief, please see "Exhibit A" there was evidence taken by police and the medical staff. "swabs" that was used in a rape kit; from the victim in this cause, the victim jane doe, stated that relator had oral sex with her. the defendant moved for DNA testing before trial and doing trial but was denied. relator wanted DNA testing for saliva, which would prove that in count 2 of the indictment, that his DNA saliva is not on the states evidence, rape kit, therefore relator moved for appointment of counsel and that he is indigent in october 9th 2014. motion for DNA testing & appointment of counsel. 277th court never ruled on the motion, nor had they responded to any document. See all Exhibits, which leave relator no adequate remedy at law to address trial courts failure to address issue(1) and issue(2) which is also a purely ministerial act.

2) Relators have shown that there is reasonable ground

For testing see Exhibit A

Biological evidence remained that could be subjected to DNA testing, and who, and where the evidence can be founded, which is stated in relator's affidavit; and motion, by the court not responding or failure to address issue 1 and 2, left relator helpless and unable to prove his innocence, the relator has clearly demonstrated a right to relief and thus, has established the functional equivalent of showing that the act to be compelled is "ministerial". See STATE ex rel. Holmes v. Third Court of Appeals, 885 S.W. 2d 389, 392 ~~[Tex. App. Waco 1994, orig. proceeding], as previous~~ n.6. (Tex. Crim. App. 1994) (en banc) KOZACKI v. KNIZE, 883 S.W.2d 760, 763 (Tex. App. Waco 1994, orig. proceeding.). As previously argued there are no provisions for appealing in absence of a appointment of counsel under criminal procedure rule governing motions for DNA testing, relator had no adequate remedy at law to address trial courts failure to address the issues, therefore a judgement should be granted in relator favor. And for appointment of counsel and DNA testing, like in NEVE v. CULVER, 105 S.W.3d 641. For failure to address the issues, relief was granted. See the relator should be ~~entitled~~ entitled to relief from this court by way of mandamus. Relator's would also like to point out 1) He did establish that the evidence for which he is currently seeking testing was not previously subjected to DNA testing through no fault of his own, see Tex. Code. Crim. Pro. Art. (64.01) (B) (1) (B), 2) relator has establish that his identity as the perpetrator of the sexual assault is currently at issue in this cause, see. Tex. Code. Crim. Pro. Art 64.03 (A) (1) (B).

3) relator has establish that he would not have been convicted of the offense of sexual assault, as alleged in both counts of the indictment, had exculpatory results been obtained through DNA testing in this cause, see Tex. Code. Crim. Pro. Art. 64.03 (A) (2) A), please see Exhibit A ~~[redacted]~~ relator should be appointed a counsel to assist in having the state prepair such evidence to be tested for saliva in this cause.

Respectfully submitted

Charles Lee #904078

Charles Lee
RT.2. BOX 4400 GATESVILLE TEX

7

## CERTIFICATE OF SERVICES

On this 1th day of ___JANUARY___ 2015. I certify that a true and correct copy of the foregoing document was mailed by U.S. Mail prepaid to the following, District Clerk of Williamson County. P.O. Box 24 Georsetown, Texas 78627 & District Atty Office of Williamson County 405 M.L. King Box 1 Georsetown, Texas 78626 & the Hon, presiding, Judge of 277th Court STACEY MATHEWS 405 South. M. L. King Box 6 Georsetown, Texas 78626-0405.

& Court of Crim Appeals.
P.O. Box 12308 Capitol Station
Austin, Texas 78711

Pro SE Charles Lee #904078

Charles Lee
RT.2, Box 4400
Gatesville, Texas 76597

## Inmate's DECLARATION

I, Charles Lee #904078. is presently incarcerated in T.D.C.J. I-D Alfred Hughes Unit, located in Coryell County. Gatesville, Texas, declare under peantly of perjury that the foregoing is true & correct. Executed on 7th day of ___JANUARY___ 2015

Charles Lee #904078
Charles Lee

-8-

EXhibit A

1) couer letter

2) DNA motion chapter 64

Charles Lee #904078
Alfred Hughes Unit
RT. 2. Box 4400
Gatesville, Texas 76597

Style Lee VS State of Texas

RE: DNA Chapter 64
Cause #03-798-K-277

Exhibit A
"Cover Letter"

Date 9th day of OCT 2014

Dear Clerk

Enclosed please find defendant's DNA motion under chapter 64, also please find the following

1) page 6 Exhibit 1 Declaration of inability to pay cost

2) Exhibit 2 Affidavit of Charles Lee. 3 pages. page 7-9

3) Verification & inmates declaration & certificate of service page 9

4) order page 10

please Date File; and bring to the NEW presiding judge over 277th court, for a ruling on chapter 64.

Thank you for your cooperation,

Hon:
presiding Judge over 277
c/ District Clerk
District Attorney.

Respectfully sub,
Charles Lee #904078

Charles Lee

1 of 1

NO. 03-798-K277    Exhibit A 1-10 pages

STATE OF TEXAS
VS
CHARLES LEE JR

X   IN THE DISTRICT COURT 277th

X   JUDICIAL DISTRICT

X   WILLIAMSON COUNTY, TEXAS

X

REQUEST FOR APPOINTMENT OF COUNSEL PURSUANT TO ARTICLE 64, CODE OF CRIMINAL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT;

Comes Now defendant Charles Lee _____, Pro Se, T.D.C.J. # 904078 , and request appointment of counsel to assist him in obtaining an order for DNA testing for the court pursuant to article 64.01 (c) code of criminal procedure, defendant is requesting DNA testing pursuant to chapter 64 and the defendant is indigent, an affidavit of indigency is attached also a affidavit of defendant facts of the case is attached and incorporated here to as Exhibit 2 , and will show the following reasons.    I.

The victim Jane doe in this cause stated that she didn't give defendant consent to have ANY type of sex with her; in August 11th 1998, defendant was charged and found guilty of Agg-sexual assault; in part 2 of of the indict- ment it stated that defendant had oral sex with Jane doe.

1) A rape kit was did on the victim Jane Doe; in August 11th or 12th 1998, the evidence that was left in the visina; was taken into evidence with a swab; by a medical examiner. The evidence was tested by experts AT the crime lab or DNA lab in Austin, Texas. A "Brad Mills" never tested, his assistance did the testing. Which is a violation. The defendant has a right to cross-examine the witness or expert that did the testing. The results is at the district clerk office of Williamson County, Texas, and Travis County District Clerk office; and Department of public safety crime lab; in Austin Texas as well as Austin police dept crime lab.

2) Defendant tryed to have DNA done; "He wanted testing for saliva; He was denied. Defendant also requested through his counsel to have the evidence that was placed on the swabs; and taken from Jane Doe in the rape kit," to be tested for saliva. Which counsel wouldn't do. Mike Davis, Russel Hunt, Ken Anderson Bradley, Doug Arnold, like in Michael Morton case fought hardest and longest - against my DNA testing that could prove I didn't do count 2 in my case, in Morton case Bradley Mike Davis Ken Anderson work together messing & with holding evidence, which is a criminal contempt.

3) The STATE DNA expert Brad Mills stated he could of tested for saliva; but no one never ask for that type of testing. Which according to Timothy Cole Bill 122," the bill would require post-conviction DNA testing if the biological evidence was not previously tested or if the biological evidence was previously tested but can be subjected to newer testing techniques that provide a reasonable likelihood that the results will be more accurate and probative than the previous test results, the defendant has a right to prove his innocent; and have all evidence tested or retested.

4) defendant know for a fact that he wouldn't of been found guilty of count (2) two of the indictment if the swabs that was used to take the evidence out of Jane doc vigina and was tested for saliva, defendant know for a fact that he wouldn't of been found guilty if Judge Ken Anderson wouldn't of violated the law, by letting the illegal search warrants of the evidence into the case, 1 search warrant was order on the 4th of June 2003, in the "County of Texas" & the "municiple" court for DNA from defendant. On June 6th 2003, the same detective Julie Jacob came again with another search warrant ordering the same DNA from defendant. See Exhibit 1 it stated "County of Texas" again & in the District Court of the city of Austin, " this law applies if the offense was committed before September 2003, State V. Flores 856 S.W.2d 614. Subsequent search warrants, "may not" be issue pursuant to sub division (10) of, article 18.02 of Texas. Code criminal, pro ann, defendant case was committed 1998, and both search warrants was illegal in the present case. Which makes both counts void. Again see Exhibit 2, search warrants.

5) there was no other evidence but hear say that the defendant had oral sex, with Jane doc vigina,

6) defendant met the victim, she was on drugs, she wanted more drugs, the victim gave defendant permission to have sex; regular sex, defendant did not have oral sex, later the victim offer defendant some jewelry to go and get some more drugs, defendant never came back, so the victim had some one call the police and say she was raped, so this is why the defendant's sperm was inside the victim vagina and Jane doc gave defendant consent to have sex, defendant never had oral sex, victim lied about she didn't give consent & that I had oral sex, testing for saliva would prove count 2.

—3—

didn't happen. Defendant has claim from day one that he has never had oral sex; and that he never raped the victim. "there will be SALIVA in the SWABS EVIDENCE!! THE DEPARTMENT OF public safety crime lab has this evidence in AUSTIN, TEXAS. "and from the preponderance of the evidence the defendant would not have been convicted if exculpatory results had been obtained through DNA testing for saliva!! defendant wouldn't of been found guilty of count 2 of the indictment.

7) The <u>NO</u> TESTING OF DNA FOR SALIVA IS NO FAULT OF THE defendant. defendant requested for DNA testing since 2003, when defendant got indicted; pretrial motions, hearings, lee told all lawys, investigators that he wanted DNA testing; EVEN IN TRIAL IT WAS requested. Attorney <u>RUSSEL HUNT JR</u> <u>Forge & perjure himself</u> AT TRIAL; & produced a legal Document To The court stating on April 7th 2005. From RELIAGENE TECHNOLOGIES File # FR-199 concerning STATE OF TEXAS VS. Charles Lee, that RELIAGENE sent my attorney a letter stating a through review of the documents received by reliagene on JANUARY 15 2005 regarding the STR DNA testing performed AT THE TEXAS Department OF public SAFETY in the above referenced case revealed that the protocols performed on the samples in this case AT TEX DEPT OF public SAFETY are in accordance with industry standards, Typed signed by MEGAN DiShaffer. ph D. years later the defendant had <u>2</u> investigators; investigate the above document, RELIAGENE <u>never</u> had <u>NO</u> File number under FR-199 concerning charles lee; stating <u>NO</u> such letter. Attorney did this to keep me from proving the victim lied.

See Exhibit <u>2</u>

— 4 —

The COURT & STATE WAS AWEAR OF THIS FORGERY & PERJURY, because ONCE MY HUNT PRODUCE SUCH DOCUMENTS, I ASK MY HUNT; the DOCUMENTS YOU SENT TO BE REVIEWED BY Reliagenc Tech, is the DOCUMENTS YOU illegally TOOK FROM INVESTIGATOR ANJI FUSSEL? he STATED yes, I told him; the STATE & COURT KEN ANDERSON that I ONLY SAVE MY FUSSEL A little under half OF the records; here is the rest in my hand, SO there WAS NO WAY this COMPANY COULD OF SENT & TESTED SUCH DOCUMENTS AN COME UP WITH SUCH ANSWER, because they would OF SEEN A lot OF the DOCUMENTS WAS MISSING. AGAIN LIKE IN "MICHAEL MORTON" the D.A. OFFICE & the COURT KEN ANDERSON & RUSSEL HUNT WORKED TO GATHER MISSING & WITH holding evidence in my case. this EVIDENCE CAN BE proved in the TRANSCRIPTS. they violated my rights due process & which All deliberately and KNOWNINGly ENGAGE IN MISCONDUCT. A CRIMINAL CONTEMPT by hiding EXCULPATORY evidence. AGAIN 1) FROM the preponderance OF the evidence the defendant would NOT HAVE been convicted if exculpatory results had been obtained through DNA Testing For SALIVA. SEE TEX, CODE CRIM. PRO. AIT. 64.03 (A)(2)(A),

2) defendant identity AS the perpetrator of the sexual assault count 2 OF the indictment is currently AT issue in this case, SEE TEX, CODE. CRIM. PRO. AIT, 64.03 (A)(1)(B).

3) defendant AlSO STATES the evidence; RAPE Kit TAKEN FROM JANE. DOC. ON 11th OF 12th AUGUST 1958 WAS NOT TESTED FOR SALIVA WHICH he is currently seeking TESTING WHICH WAS NOT previously subjected TO DNA TESTING through NO FAULT OF HIS OWN. DEFENDANT made every point, told every lawyer, Filed the proper MOTIONS TO HAVE evidence Tested, COURT denied such request, therefore it WAS NO FAULT OF DEFENDANT'S why EVIDENCE WASN'T TESTED, SEE TEX, CODE. CRIM. PRO. ART, 64.01 (B)(1)(B). "EVEN the FOREMAN OF the JURORS ASK FOR DNA ON SALIVA; WHEN she SENT A letter OUT doing deliberation, than ONCE the JURY would OF FOUND the VICTIM "Lied IN COUNT 2" they could OF FOUND she is NOT telling the truth about the hole CASE, AND the JURORS could HAVE FOUND ME NOT guilty OF both COUNTS. the STATE WANTED to prove its theory; but they didn't WANT DEFENDANT proving his CASE WITH their EXPERT, Respectfully SUB

— 5 —     Pro Se   Charles Lee #904078

# EXHIBIT 1

## DECLARATION OF INABILITY TO PAY COST

[The following] Declaration is made pursuant to the Texas rules of civil procedure and Title 6 chapter 132 of the civil practices and remedies code, Now comes Charles Lee, #504078, pro se and declare that I am unable to pay the cost in this civil action and requests leave of the court to proceed in forma pauperis in this accompanying civil action and would show the court the following;

1) I am presently incarcerated in the Alfred Hughes unit of the Texas Department of Criminal Justice, where I am not permitted to earn or handle money.

2) I have no source of income or spousal income

3) I currently have $0.00 credited to me in the inmate trust fund.

4) During my incarceration in the T.D.C.J. I have received approximately $0.00 as gifts from friends,

5) I neither own or have an interest in any realty, or dividend income from any source,

6) I have 0 dependents

7) I have total debts of $0.00

8) I have no restitution

9) my yearly expenses are $0.00

I, Charles Lee #504078 being confined at Alfred Hughes unit in coryell county, Texas, I verify and declare under penalty of perjury that the foregoing statements are true and correct,

Executed 9th day of October 2014,

Charles Lee #504078

Charles Lee

pro se

STATE OF TEXAS

COUNTY OF Coryell

EXhibit 2

COURT 277th

CAUSE NO 03-798-K27

### AFFIDAVIT OF CHARLES RAYMOND Lee Jr

NOW comes Charles Lee, T.D.C.J. 904078 concerning Cause No. 03-798-K2
I am competent to make such statement. I Charles Lee is over (18)
years of age. and the Following statement is True and correct. on
June 2003 I was indicted in Williamson County Under the above
Cause, <u>AGGRAVATED SEXUAL ASSAULT</u> . I WAS Appointed A counsel
mike DAVIS, Later I WAS Appointed Russel HUNT Jr. I WAS indigent
AND AS OF this date I am still indigent. "I Charles Lee TOLD mr DAVIS
& mr HUNT that me and the victim Jane doe in this cause didn't
have no "<u>oral sex</u>" and that I would like the Swabs From the
rape kit that was used on the victim in August 11th or 12th 1998,
To be Tested For saliva of mine; To prove I didn't do part 2 of
The indictment, the evidence is located in AUSTIN, Texas, D.P.S. on
Lamar Street. mr HUNT wouldn't have the evidence Tested. instead
he Forge A perjury himself AT Trial, & produced a legal Document
To the court. Stating on April 7th 2005. From RELIAGENE Technologies
File # FR-199 concerning STATE OF TEXAS VS. Charles Lee, that RELIAGENE
Sent him a Letter Stating a through Review of the Document re-
ceived by RELIAGENE on JANUARY 15 2005, regarding the STR DNA Testing
performed AT TEXAS Dept OF public SAFETY in the above Referenced
case revealed that the protocols performed on the Samples in this
case AT TEXAS Dept public SAFETY are in Accordance with industry
Standards, Typed by A MEGAN D. SHAFFER ph, D. years later the
defendant Lee had 2 investigators, investigate the above Document
that mr HUNT produced AT Trial, RELIAGENE <u>Never</u> had <u>NO</u> File
number under FR-199 concerning Charles Lee. Stating <u>NO</u> Such
Letter, Attorney Russel HUNT, <u>KEN Anderson</u> the presiding Judge
at the time over 277th & the STATE Knew there WAS Foul play.

10 F2

7

Because once Mr Hunt produced such document, I ask Mr Hunt the documents you sent to be reviewed by ReingenGenc Tech, is the documents the same ones you illegally took from investigator anjifussel? he stated yes. I told the state & court Ken anderson that I only gave Ms Fussel a little under half 1 of the documents "here is the rest in my hand." so I told him there was no way 2 this company could of sent & tested such documents & come up with such answer; because they would of seen a lot of the "documents was missing". Like in "Michael Morton" the D.A. Office & court Ken Anderson & Russel Hunt, all work together messing & with holding evidence in my case, they violated my rights due process, and hiding exculpatory evidence, which is a criminal contempt with all deliberately and knowingly engage in misconduct, the evidence is located at the crime lab in Austin, Texas, on springdale rd, or Dept of public safety on lamar; or the district attorney's office in williamson county & travis county Texas, "through no fault of defendant Mr Lee was not able to have such evidence tested, the judge Ken anderson denied such request, to have DNA testing done, which left Mr Lee helpless to prove his innocence in paragraph 2 of the indictment, Jane doe at trial stated that defendant had "oral sex". without her consent, the state expert Bradmills stated that no one tested for saliva, and that his office could have tested, I Charles Lee now request Newer' testing & or under "Timothy Cole Bill 122" I am able to have any evidence tested to prove my innocence,

therefore I Charles Lee Request For A counsel to be Appointed & to have the state evidence, swabs From the rape kit of Jane doe in this cause, be tested For Saliva, and to match it to the DNA of Charles Lee,

Respectfully submitted

pro se

Charles Lee #904078
Charles Lee

2 of 2

8

I Charles Lee T.D.C.J. 904078 verify and declare under penalty of perjury the foregoing affidavit are true and correct. And from the evidence Charles Lee would not have been convicted if exculpatory results had been obtained through DNA testing for saliva. Executed on this the 9th day of October 2014.

pro se x Charles Lee #904078
Charles Lee

## INMATES DECLARATION

I Charles Lee, being presently incarcerated in T.D.C.J. Alfred Hughes Unit. Declare under penalty of perjury that according to my belief, the facts stated in the affidavit 2 pages are true and correct. Executed on 9th day of October 2014.

pro se x Charles Lee, #904078
Charles Lee

## CERTIFICATE OF SERVICE

I certify that on this 9th day of October 2014. A true & correct copy of the foregoing document was mailed by U.S. mail prepaid to the following,

District Clerk of Williamson County
P.O. Box 24 Georgetown, Texas 78627

Presiding Judge over 277th Court
405 Martin Luther King Box 6
Georgetown, Texas 78726-0405

District Attorney Office
405 Martin Luther King Box 1
Georgetown, Texas 78626

x Charles Lee #904078
RT.1, Box 4400
Gatesville, Texas 76597

— 9 —

NO _____

STATE OF TEXAS
VS
CHARLES RAYMOND JR

IN THE 277th DISTRICT COURT
OF
WILLIAMSON COUNTY, TEXAS

# ORDER

DEFENDANT'S MOTION WAS heard AND considered AND is here by granted on this ___ day of ___ 20 ___, counsel appointed _____

Address _____

_____
JUDGE Presiding

10

Exhibit 1

2 Search Warrants

1 Dated June 4th 2003

1 Dated June 6th 2003 B

EXHIBIT 1-A

THE STATE OF TEXAS     X     IN THE MUNICIPAL COURT
                       X     OF THE CITY OF AUSTIN,
COUNTY OF TEXAS       X     TRAVIS COUNTY, TEXAS

## SEARCH WARRANT

THE STATE OF TEXAS TO THE SHERIFF OR ANY PEACE OFFICER OF TRAVIS
COUNTY, TEXAS, OR ANY PEACE OFFICER OF THE STATE OF TEXAS,


GREETINGS:

WHEREAS, THE AFFIANT WHOSE NAME APPEARS ON THE AFFIDAVIT ATTACHED
HERETO IS A PEACE OFFICER UNDER THE LAWS OF TEXAS AND DID HERETOFORE
THIS DAY SUBSCRIBE AND SWEAR TO SAID AFFIDAVIT BEFORE ME (WHICH SAID
AFFIDAVIT IS HERE NOW MADE A PART HEREOF FOR ALL PURPOSES), AND WHEREAS
I FIND THAT THE VERIFIED FACTS STATED BY AFFIANT IN SAID AFFIDAVIT SHOW
THAT AFFIANT HAS PROBABLE CAUSE FOR THE BELIEF HE EXPRESSES THEREIN AND
ESTABLISHES EXISTENCE OF PROPER GROUNDS FOR ISSUANCE OF THIS WARRANT;

NOW, THEREFORE, YOU ARE COMMANDED TO SEIZE SAID SALIVA SAMPLES FROM
CHARLES RAYMOND LEE, A BLACK MALE, BORN ON 06/23/62, DESCRIBED IN SAID
AFFIDAVIT AND TO SEIZE THE SAME AND BRING IT BEFORE ME. HEREIN FAIL
NOT, BUT HAVE YOU THEN AND THERE THIS WARRANT WITH THREE (3) DAYS,
EXCLUSIVE OF THE DAY OF IT'S ISSUANCE AND EXCLUSIVE OF THE DAY OF IT'S
EXECUTION, WITH YOUR RETURN THEREON, SHOWING HOW YOU HAVE EXECUTED THE
SAME.

ISSUED AT _3:45_ O'CLOCK, _P_ M, ON THIS THE ___4___ DAY OF

_June_ , 2003, TO CERTIFY WHICH WITNESS MY HAND THIS DAY


_____
JUDGE PRESIDING

Exhibit 1 B

THE STATE OF TEXAS       X         IN THE DISTRICT COURT

                                X         OF THE CITY OF AUSTIN,

COUNTY OF TEXAS        X         TRAVIS COUNTY, TEXAS

SEARCH WARRANT

THE STATE OF TEXAS TO THE SHERIFF OR ANY PEACE OFFICER OF TRAVIS COUNTY, TEXAS, OR ANY PEACE OFFICER OF THE STATE OF TEXAS,

GREETINGS:

WHEREAS, THE AFFIANT WHOSE NAME APPEARS ON THE AFFIDAVIT ATTACHED HERETO IS A PEACE OFFICER UNDER THE LAWS OF TEXAS AND DID HERETOFORE THIS DAY SUBSCRIBE AND SWEAR TO SAID AFFIDAVIT BEFORE ME (WHICH SAID AFFIDAVIT IS HERE NOW MADE A PART HEREOF FOR ALL PURPOSES), AND WHEREAS I FIND THAT THE VERIFIED FACTS STATED BY AFFIANT IN SAID AFFIDAVIT SHOW THAT AFFIANT HAS PROBABLE CAUSE FOR THE BELIEF HE EXPRESSES THEREIN AND ESTABLISHES EXISTENCE OF PROPER GROUNDS FOR ISSUANCE OF THIS WARRANT;

NOW, THEREFORE, YOU ARE COMMANDED TO SEIZE SAID SALIVA SAMPLES FROM CHARLES RAYMOND LEE, A BLACK MALE, BORN ON 06/23/67, DESCRIBED IN SAID AFFIDAVIT AND TO SEIZE THE SAME AND BRING IT BEFORE ME. HEREIN FAIL NOT, BUT HAVE YOU THEN AND THERE THIS WARRANT WITH THREE (3) DAYS, EXCLUSIVE OF THE DAY OF IT'S ISSUANCE AND EXCLUSIVE OF THE DAY OF IT'S EXECUTION, WITH YOUR RETURN THEREON, SHOWING HOW YOU HAVE EXECUTED THE SAME.

ISSUED AT ___1:08___ O'CLOCK, _P_M, ON THIS THE ___6___ DAY OF

___June___, 2003, TO CERTIFY WHICH WITNESS MY HAND THIS DAY

_____
JUDGE PRESIDING

Exhibit 2

1 Letter Dated April 7th 2005

From Relia Genc



**RELIAGENE**
TECHNOLOGIES, INC.

*Exhibit 1*

April 7, 2005

Russell D. Hunt, Jr., Attorney at Law
811 Nueces
Austin, TX 78701
Email: r2@rhjrlaw.com

**RE:     State of Texas vs. Charles Raymond Lee**
**ReliaGene Technologies File #FR-199**

Dear Mr. Hunt:

A thorough review of the documents received by ReliaGene on January 15, 2005 regarding the STR DNA testing performed at the Texas Department of Public Safety in the above referenced case revealed that the protocols performed on the samples in this case at TX DPS are in accordance with industry standards. In addition, a review of the DNA test results yielded the same conclusions as stated in TX DPS reports with regard to the victim, Gloria Mae Hernandez.

I previously sent you potential questions for your examination that may be beneficial during the trial. Please refer to the previous email for these questions.

Sincerely,

Megan D. Shaffer, Ph.D.
Assistant Laboratory Director

EXhibit B

1) Cover Letter

Charles Lee #904078
Alfred Hughes Unit
Route 2 Box 4400
Gatesville, Texas 76597

Style Lee US. State

RE: DNA Chapter 64

"Cover Letter"
Exhibit B

Cause No. 63-798-K277

Date Oct 27th 2014

Dear Hon: District Clerk,

Enclosed please find my letter concerning the above matter & Style. On Oct 9th 2014 I mailed a original & copies to your office & Hon: Judge of 277th & District Atty office of chapter 64 DNA, I am contecting about the status on the application/request/motion, please keep me up dated on the courts order, thank you for your cooperation.

Respectfully submitted

Charles Lee #904078

Certificate of Service

I certify that on Oct 27th 2014 a True & correct copy of the foregoing document was mailed by U.S. mail prepaid to the District Clerk of Williamson County, P.O. Box 24 Georgetown, Texas 78627,

Charles Lee #904078

RT 2, Box 4400
Gatesville, Texas 76597

16F1

EXhibit <u>C</u>

1) cover Letter

Charles Lee #904078
Alfred Hughes Unit
RT. 2, Box 4400
Gatesville, Texas 76597

STYLE Lee VS STATE OF TEXAS                    "Cover Letter"
RE: DNA Chapter 64                             Exhibit C
CAUSE NO 03-798-K277
DATE 7th OF NOV 2014

DEAR Hon. DISTRICT CLERK Hon. Presiding JUDGE OF 277th Court,
Enclosed please FIND MY 3rd Letter concerning the ABOVE
MATTER & STYLE. ON OCT 9th 2014 & OCT 27th 2014 I mailed
your offices cover Letters concerning Chapter 64, I Filed
OCT 9th 2014, I have NOT got a Response From your office.
please UPDATE me on the STATUS OF MY APPLICATION.
iF NOT I'll have TO File A MANDAMUS, in this CAUSE. A copy
WAS served TO all parties, Hon DISTRICT CLERK, Hon DISTRICT
ATTY Hon. presiding JUDGE OF 277th, All OF Williamson County
Georgetown, Texas, Thank you For your Cooperation.

                                               yours TRULY
          CERTIFICATE OF Service                Charles Lee #904078

I CERTIFY that on NOV-6th 2014 A True & Correct COPY
OF the Foregoing Document WAS mailed prepaid by U.S. mail
To the Following, DISTRICT CLERK OF WILLIAMSON COUNTY, P.O.
BOX 24 georgetown, TEXAS 78627, presiding Judge OF 277th 405.
MARTIN Luther KING BOX 6 georgetown, TEXAS 78626-6405,
Hon. COURT CLERK OF 277th 2nd FL Williamson County Court
House 710 MAIN St, georgetown TEXAS. 78626.

                                   Charles Lee # 904078
                                   RT.2, BOX 4400
                      1 OF 1       Gatesville, TEXAS 76597

EXhibit D

1) cover Letter

2) Letter From DISTRICT Clerk NOV 12th 20

3) envelope DATed NOV 12th 2014

4) other irrelevant Documents

Charles Lee #904078
Alfred Hughes Unit
RT. 2. Box 4400
Gatesville, Texas 76597

STYLE  Lee vs STATE OF TEXAS

CAUSE NO. 03-758-K277

RE: Chapter 64 DNA,                    "Exhibit D"

File Date Oct 9th 2014
Date Nov 17 2014

Dear Hon. Lisa David

Enclosed please Find my 4th Letter Concerning Chapter 64
I Filed with your office Oct 9th 2014. my Last Letter
Dated Nov 7th 2014, Requesting the Status on the DNA Applicati-
on you sent me a envelope Dated Nov 12th 2014, with a copy
of a 11.07 Habeas corpus & a copy of the white card from
Austin, Texas, Denied with out a written order Dated
5-23-2012 "Which has Nothing To do with what I am Filing",
I Filed a DNA motion under Chapter 64, Oct 9th 2014.
meaning this year, what is the Status on it? I would like
To know if the court is going To appoint me a Lawyer &
what Ever else the court Finds okay.

RESPECTFULLY
Charles Lee # 904078
Charles Lee

CERTIFICATE OF SERVICE

I CERTIFY that on November 17th 2014 A true & Correct Copy of the
foregoing Document was mailed by U.S. mail prepaid, To the following
Lisa David District Clerk, P.O. Box 24 Georgetown, Tex 78627 & District
atty of Williamson County. 405 Martin Luther King Box 1 Georgetown
Texas 78626. & presiding Judge of 277th 405 Martin Luther King
Box 6 Georgetown, Texas 78626-6405,

Charles Lee #904078
RT. 2. Box 4400
Gatesville, Texas
76597

# EXHIBIT D

1, envelope DATED NOV 12th 2014
From DISTRICT clerk
LISA DAVID

2, A COPY OF A white card FROM LISA DAVID
SENT TO relator NOV 12th 2014.
The white card is From court of criminal appeals
of TEXAS DATED 5-23-2012, informing me my STATE
11.07 Heabcas corpus WAS DENIED with out
written order

3) Also enclosed in the above envelope DATED
NOV 12th 2014, WAS A COPY OF the court pase
OF the STATE 11.07 Heabcas corpus with my case NO.
03-758-K1770.

which is **All** irrelevant TO what relator
Filed OCT 9th 2014. Application For DNA
under chapter 64



**WILLIAMSON
COUNTY**
1848

**Lisa David**
DISTRICT CLERK

P.O. Box 24
Georgetown, Texas 78627

Exhibit @ D
1





0 2 1M    **$ 00.48⁰**
0004264366    NOV 12 2014
MAILED FROM ZIP CODE 78626

Mr. Charles Lee TDCJ# 904078
Alfred Hughes Unit
Route 2 Box 4400
Gatesville, Texas 76597

Exhibit D

2

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**OFFICIAL BUSINESS**
**STATE OF TEXAS**
**PENALTY FOR**
**PRIVATE USE**

RE: Writ No.
STYLE: Lee, Cledric Crawford Jr.
TRIAL CT NO:
5/23/2012

02 1R          $ 00.32⁰
0002000240     MAY 23 2012
MAILED FROM ZIPCODE 78701

This is to advise that the Court has denied without written order the application for writ of habeas corpus on the findings of the trial court without a hearing.

**FILED**
at 8 o'clock A M

MAY 24 2012

*Lisa David*
District Clerk, Williamson Co., TX.

Louise Pearson, Clerk

District Clerk Williamson County
Lisa David
BOX 24
Georgetown, TX 78627

EXHIBIT D

3

Case No. 03-798-K277D
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _CHARLES RAYMOND Lee Jr_

DATE OF BIRTH: _____

PLACE OF CONFINEMENT: _T.D.C.J. Alfred Hughes Unit._

TDCJ-CID NUMBER: _904078_    SID NUMBER: _____

(1)    This application concerns (check all that apply):

☐    a conviction              ☐    parole

☑    a sentence                ☐    mandatory supervision

☐    time credit               ☐    out-of-time appeal or petition for
                                    discretionary review

(2)    What district court entered the judgment of the conviction you want relief from?
       (Include the court number and county.)

       _277th Williamson_

(3)    What was the case number in the trial court?

       _03-798-K277_

(4)    What was the name of the trial judge?

       _Hon: Ken Anderson_

8 FILED
at 8 o'clock A M

MAR 26 2012

Lisa David
District Clerk, Williamson Co., TX.

1

Revised: September 1, 2011                                      ATC-11.07

Exhibit E

1) Letter dated Nov 20. 2014 from
D.A.'s office

Exhibit E

1) A Letter Dated 11-20-2014 from District Clerk of Williamson County, Cause No. 03-798-K277, The State of Texas Vs. Charles Raymond Lee.

Letter stated my DNA motion of appointment of counsel pursuant to article 64, CCP, was filed 10-13-14. and the motion was forwarded to the court, and the motion was returned to this clerk office without further action from the court, and the clerk stated it is not the duty of their office to interpret the intentions of the court. Lee's motion is no longer pending before the court.

Lisa David clerk

By Angela Garcia, Appeal specialist

EXhibit E

1) A Letter Dated 11-20-2014
From District Clerk of Williamson
county. Stating the Judge of 277th wont
rule on motion. pursuant to Chapter 64,
Appointment of counsel.





**WILLIAMSON COUNTY**
1848

**Lisa David**
DISTRICT CLERK

P.O. Box 24, Georgetown, Texas 78627
512.943.1212   Fax 512.943.1222

November 20, 2014

Charles Lee
TDCJ# 904078
Alfred Hughes Unit
Route 2 Box 440
Gatesville, Texas 76597

Re: 03-798-K277 – The State of Texas VS. Charles Raymond Lee

Mr. Lee:

Your Request for Appointment of Counsel Pursuant to Article 64, Code of Criminal
Procedure has been filed on 10-13-14. On or about that date, your request was forwarded
to the Court. The motion was returned to this office without further action from the
Court. It is not the duty of the clerk's office to interpret the intentions of the Court. Your
motion is no longer pending before the Court. Thank you.

Sincerely,

LISA DAVID, Clerk
Williamson County District Courts

By
Angela Garcia, Appeal Specialist